Smith, Swing and Shauck, JJ. (Shauck in place of Cox, J.)

† SAMUEL BARR ET AL. v. HENRY CLOSTERMAN ET AL.

COURT MAY REVOKE ORDER TO RECORD OBTAINED BY MISREPRESENTATION.

Where an application made to the probate court for the admission to record of an authenticated copy of a will alleged to have been admitted to probate in another state is, under the provisions of sec. 535, Rev. Stat., certified to the court of common pleas, and an order is there made admitting the same to record, and within three days from the entry of said order, and at the same term, an application is made to set aside such order on the ground that there was irregularity in the proceedings of the court, and of the adverse party in procuring such order—and the court found that such order was obtained by the misrepresentations of the party obtaining the same, and would not have been made but for said misrepresentations by which the court was misled and imposed upon, the court had jurisdiction to vacate such order as in other cases.

Error to the Court of Common Pleas of Hamilton county.

SMITH, J.

The facts in this case are substantially these, as they appear by the record:

The plaintiffs in error made application to the probate court of this county for the admission to record of an authenticated copy of the last will of Robert Barr, deceased, alleged to have been admitted to probate and record in Pennsylvania in 1822. Parties interested in the land, which it was claimed was devised by the will, were allowed to intervene and resist the application, which was refused by the probate court, and we understand that it was practically held, in proceedings in error, to reverse the order and judgment made by the probate court, both by this and the supreme court, that this might be done. The judgment of the probate court however, was reversed on other grounds, and the case remanded to such court for further proceedings.

When the papers were returned to the probate court, the judge then presiding there, having been of counsel in the litigation, certified the case to the court of common pleas under the provisions of sec. 535, Rev. Stat. A few days thereafter, viz: on July 30, 1892, the counsel who had made the application, applied to that court, (Judge Evans presiding), and obtained an order admitting a copy of the will to record, and directing the transmission of the papers in the case, with a certified copy of the order then made, to the probate court, to carry it into effect. On Monday, August 8, Wm. H. Elder and others, who had originally intervened in the probate court to resist the application, filed in the court of common pleas a motion to vacate the order thus made, on the ground, (among others), that it had been obtained by counsel for the applicants without notice to any of the adverse parties, though he had frequently been notified that they would resist such application. Thereupon on the same day Judge Wilson, (Judge Evans being absent), entered an order staying all proceedings under the order of July 30, and directing that the will be withheld from record, and ordering the return of the papers from the probate court, and on August 5, 1892, the court on hearing and evidence, sustained the motion, and set aside the order of July 30. To this order the plaintiff in error excepted, and a bill of exceptions was allowed, not containing the evidence, but

---

† For former decisions on application to probate this will see 18 B., 391; 1 Ohio Circ. Dec., 546 and 2 Ohio Circ. Dec., 251; see also ante 637 and 638. The supreme court approved a judgment between the parties, without report, June 7, 1892. It also dismissed for want of preparation a case between the same parties, March 10, 1896, 3 Legal News, 124.

simply showing that the plaintiff in error objected to the hearing of the motion and the decision thereon, on the ground that the court had no jurisdiction or right then to hear or decide the same.

On October 1, 1892, at the same term, the court, Evans, J., presiding, entered an order reciting the fact that the original order had been made by him on the day before his departure for his summer vacation, and that the minutes of that day had not been signed by him, "and the court now finding that said order was obtained by misrepresentations of the parties obtaining the same, and that said order should not have been made, and would not have been made but for said misrepresentations, by which the court was misled and imposed upon." And the entry further stated that as it appeared to be claimed that the former order made by Wilson, J., was without jurisdiction, the court then ordered said entry of July 30 to be set aside. To this plaintiff in error excepted.

We are of the opinion that there was no error in the action of the court of common pleas in setting aside the entry made July 30, 1892. The motion to set it aside was filed within three days after the order itself was made. It substantially asked for a new trial under subdivision 1 of section 5305, which provides for the vacation of a decision and the granting of a new trial for irregularity in the proceedings of the court * * * "or prevailing party," and on the other grounds therein stated. And it was filed by parties, who, as has been held, had been allowed by the court to intervene and contest the application, and who had filed papers in the nature of pleadings, raising issues in the case, and who had filed many depositions to maintain such issues; and the court found that the allegations of the motion were true.

Now, if this were an ordinary case in the court of common pleas, no one would question the right or the duty of that court, on the filing of such motion within the time fixed by the statute, assigning such grounds and supporting it by sufficient evidence, to vacate an order or judgment irregularly obtained or one which had been obtained by misrepresentation. Not only would such action be warranted by the express provisions of the statute, but we understand it to be the clear·doctrine of the unwritten law, that as in contemplation of law for many purposes, a term of the court is of a single day, the court of common pleas has inherent power during the term, as to matters of this kind, to control and correct its own journal, in so far, at least, as to make it state the real facts. Ash v. Marlow, 20 O., 119-131; Huntington v. Finch, 3 O. S., 445-447.

The claim is made, however, that this case stands on a wholly different footing—that under the statute, in pursuance of which the proceeding was certified to the common pleas, that court acted as a probate court, and when an entry was once made on the journal, admitting a copy of such will to record with the sanction of the court, no matter how that sanction or consent was procured, its jurisdiction over the proceeding at once ceased, and the order so made must be certified to the probate court as the final judgment of that court. We think there is no good foundation for such claim. According to the provisions of section 535, when the case is certified from the probate court to the court of common pleas, "it shall be proceeded in and heard and determined by the court of common pleas, * * * in the same manner as though that court had original jurisdiction of the subject matter thereof;" and by this we understand to be meant that the court had the same right to grant a re-hearing at the same term, and for the same reasons as would justify it in doing so in other cases, and to protect itself from imposition as well in this as in other cases of which it had original or appellate jurisdiction; and it is only "on the final decision of the question involved in such proceedings" that the order or judgment made therein is to be certified to the probate court.

We find no error in the orders complained of, and the judgments or orders will be affirmed, with costs.

R. A. Harrison, Bateman & Harper and J. Ledyard Lincoln, for motion.

S. T. Crawford, *contra.*